**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

————————————————————————
                                          :
HECTOR RODRIGUEZ and                      :
CONFESSOR SOTO,                           :        CIV. NO. 16-6970 (RMB)
                                          :
            Plaintiffs,                   :
                                          :
      v.                                  :        **MEMORANDUM AND ORDER**
                                          :
FCI FORT DIX, *et al.*,                   :
                                          :
            Respondents.                  :
————————————————————————:


      This matter comes before the Court upon Plaintiffs' Rodriguez
and Soto's submission of a civil rights complaint, and Plaintiff
Rodriguez's application to proceed in forma pauperis. (Compl., ECF
No. 1; IFP App., ECF No. 1-5.) Plaintiff Rodriguez is confined in
the Federal Correctional Institution ("FCI") in Fort Dix, New
Jersey. (Compl., ECF No. 1, ¶3.) Plaintiff Soto was an inmate in
FCI Fort Dix at the time of the events alleged in the Complaint,
but he has subsequently been transferred to FCI Fairton. (Cover
Letter, ECF No. 1-2.)[1]

_____

[1] In the cover letter to the Complaint, Plaintiff Rodriguez
explains that he included Plaintiff Soto on the Complaint because
they were both found guilty and sanctioned on the same charge by
a DHO at FCI Fort Dix. (ECF No. 1-2 at 4.) Plaintiffs have not
received the findings from the hearing before a Disciplinary

I.   IFP APPLICATION

28 U.S.C. § 1915(a) provides that a prisoner seeking to bring a civil action without prepayment of fees (in forma pauperis or "IFP") shall submit an affidavit indicating the person is unable to pay such fees, and shall also "submit a certified copy of the trust fund account statement for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." Plaintiff Rodriguez's IFP application is missing the certification by a prison official.[2] The Court will deny the IFP application without prejudice.

Plaintiffs should also be aware that when multiple prisoners seek to join in a civil rights complaint, each prisoner must file an individual IFP application, and pay a full individual filing fee by installment payments. Hagan v. Rogers, 570 F.3d 146, 155-

_____

Hearing Officer ("DHO") that took place on August 24, 2016. This is why they were unable to appeal. (Id.)

[2] In his cover letter, Plaintiff Rodriguez explained that prison staff would not certify his prison trust account statement. (ECF No. 1-2 at 3.) Furthermore, he only had access to one IFP application. (Id.) The Court will provide Plaintiffs with two copies of an IFP application. If prison staff refuse to certify the trust account statements, Plaintiffs should each submit affidavits stating when they requested their certified trust account statements, whom they made the requests to, and the responses of the prison staff.

56. (3d Cir. 2009). Plaintiff Soto has not filed an IFP application.

II.  SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(b) and § 1915A

Plaintiffs may not have known when they submitted the Complaint that even if IFP status is granted, they must pay the filing fee in installments, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915(A).[3] If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back.

III. DISCUSSION

A.  The Complaint

Plaintiffs allege the following in the Complaint, which appears to have been drafted by Plaintiff Rodriguez.[4] Plaintiff(s)

---

[3] This Court's conclusive screening of Plaintiffs' claims is reserved until they pay the filing fee or properly obtain in forma pauperis status. See Izquierdo v. New Jersey, 532 F. App'x 71 (3d Cir. July 25, 2013) (district court may decide whether to dismiss the complaint under 28 U.S.C. § 1915(e)(2) after leave to proceed IFP is granted).

[4] The Court will assume use of the word "me" or "I" in the Complaint refers to Plaintiff Rodriguez.

were found guilty of violating a prison rule at a hearing before a DHO on August 24, 2016, and they have not received all of the Inmate Rights with respect to the hearing, nor have they received the DHO's disposition in writing or the right to appeal. (ECF No. 1 at 7.)

Plaintiffs are held in the Segregated Housing Unit ("SHU") contrary to prison policy. (Id.) Plaintiffs have not received a segregation review or an outline of post-disciplinary procedures. (Id.) They further allege the BOP Program Statements do not describe the "SIS" program or any guidelines for SIS investigations. (Id.)

Plaintiffs assert violations of their rights to due process with respect to the administrative remedy program and placement in the SHU. (ECF No. 1, ¶6.) The Defendants are SIS Lt. Miosi, SHU Lt. McCool, Correctional Officer ("CO") Brian Tarquinio, unnamed Administrative Remedy Coordinator, Assistant Warden Flowers, Unit Manager O'Cone, Unit Counselor Gonzalez, CO Skachetti, CO Wiget, Captain Reyes, and Acting Warden Outlaw. (ECF No. 1, ¶4.)[5]

---

[5] Plaintiffs included FCI Fort Dix as defendant in the caption of the complaint but did not assert a cause of action against the prison. In FDIC v. Meyer, the Supreme Court expressly declined "to expand the category of defendants against whom Bivens-type actions may be brought to include not only federal agents but federal agencies as well." 510 U.S. at 484; Albert v. Yost, 431 F. App'x

Plaintiffs allege Defendant Miosi conducted the SIS investigation but maintained that Plaintiffs had no rights, and denied them access to records pertaining to the investigation. (ECF No. 1, ¶4(b)). They allege Miosi was biased and only looking for a confession, and he did not answer Plaintiffs' informal grievances. (Id.)

McCool was the SHU lieutenant until June 2016. (Id., ¶4(c)). Plaintfs allege he mocked the disciplinary process, refused to give an "SRO Review," and refused to sign and date the Administrative Detention Order. ("ADO"). (Id.) On May 4, 2016, Correctional Officer Brian Tarquinio falsely attested to serving Plaintiff Rodriguez with an ADO. (ECF No. 1 at 9.)

Plaintiffs allege the Administrative Remedy Coordinator committed fraud by placing a rejection notice, dated June 24, 2016, on a BP-9 dated June 28, 2016; the rejection notice belonged to a prior BP-9 dated June 15, 2016. (Id.)

Plaintiff Rodriguez alleges that Assistant Warden Flowers "alluded to having rejected my BP-9 because I didn't hand it in thru my unit team (5.23.16); never received rejection notice or original BP-8, reason for denial of my subsequent BP-9s." (Id.)

---

76, 81 (3d Cir. 2011) (Bivens claim can be asserted against individual federal officers, not federal entities).

According to Plaintiffs, Unit Manager O'Cone is responsible for all BP8s and directing all BP-9s to the proper designation. (<u>Id.</u> at 9-10.) Plaintiff Rodriguez never received a response to his numerous BP8s. (<u>Id.</u> at 10.) Unit Counselor Gonzalez is responsible for BP8s and visits to the SHU. (<u>Id.</u> at 10.) Plaintiffs allege his visits are scarce, and their BP8s remain unanswered. (<u>Id.</u>)

Plaintiffs allege C.O. Skachetti turned off the water to Plaintiffs' cell, and deliberately served Plaintiffs cold breakfast for four days because they refused to take a third person in the cell. (<u>Id.</u> at 6, 10) They further allege C.O. Wiget deliberately destroyed Plaintiffs' property, including food, hygiene products, boots, frames, fans, etc. (<u>Id.</u>) Captain Reyes refused to read a letter Plaintiffs sent him. (<u>Id.</u> at 10-11.) Acting Warden Outlaw failed to address the misconduct of the Administration. (<u>Id.</u> at 11.) For relief, Plaintiffs seek an injunction releasing them from the SHU, and monetary damages for property loss in the SHU. (ECF No. 1, ¶7.)

B.   <u>Standard of Review</u>

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint." <u>Id.</u> A court need not accept legal conclusions as true. <u>Id.</u> Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. <u>Id.</u> Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Id.</u> at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." <u>Id.</u> If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002).

C.   <u>Bivens Claims</u>

7

In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 395 (1971), the Supreme Court held that damages may be obtained for injuries caused by "a violation of the Fourth Amendment by federal officials." Bivens also extends to Fifth Amendment substantive due process and equal protection claims. See e.g. Argueta v. U.S. Immigration and Customs Enforcement, 643 F.3d 60, 67 (3d Cir. 2011). In the limited settings where Bivens applies, "the implied cause of action is the 'federal analog to suits brought against state officials under ... 42 U.S.C. § 1983.'" Iqbal, 556 U.S. at 675–76 (quoting Hartman v. Moore, 547 U.S. 250, 254 n. 2 (2006)). "If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a Bivens claim against the offending individual officer, subject to the defense of qualified immunity." Corr. Services. Corp. v. Malesko, 534 U.S. 61, 72 (2001).

Like § 1983 claims, there is no respondeat superior liability under Bivens, a defendant must have personal involvement in the constitutional violation for liability to attach. Iqbal, 556 U.S. at 676. A supervisor, however, may be liable for his own misconduct. Barkes v. First Corr. Medical, Inc., 766 F.3d 307, 320 (3d Cir. 2014) reversed on other grounds by Taylor v. Barkes, 135 S.Ct. 2042 (2015). The level of intent necessary to establish

8

supervisory liability varies with the underlying constitutional tort. Barkes, 766 F.3d at 319.

### 1.  Administrative Remedy Program

Plaintiffs allege Defendants violated their due process rights by failing to follow the policies and regulations governing the BOP's administrative remedy program. The BOP has a three step administrative remedy program for inmates who seek review of an issue relating to any aspect of his or her confinement. 28 C.F.R. §§ 542.10- 542.19. Inmates, however, "do not have a constitutionally protected right to a prison grievance system." See Rieco v. Moran, 633 F. App'x 76, 79 (3d Cir. 2015)(quoting Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 137-38 (1977). Therefore, allegations that Defendants violated Plaintiffs' constitutional rights by obstructing Plaintiffs from using the administrative remedy program fail to state a Bivens claim. (Id.)

### 2.  Due Process Protection for Liberty Interest

Plaintiffs assert violations of their rights to due process in connection with their prison disciplinary hearings, and seek damages and injunctive relief of release from the SHU. In Sandin v. O'Conner, the Supreme Court held that protected liberty interests, in the context of prisoner disciplinary sanctions,

> will be generally limited to freedom from
> restraint which, while not exceeding the
> sentence in such an unexpected manner as to
> give rise to protection by the Due Process
> Clause of its own force . . . nonetheless
> imposes atypical and significant hardship on
> the inmate in relation to the ordinary
> incidents of prison life.

515 U.S. 472, 484 (1995)(internal citations omitted). "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." Id. at 485. Placement in solitary confinement for thirty days is within the range of confinement to be "normally expected for one serving an indeterminate term of 30 years to life." Id. at 487; see Nifas v. Beard, 374 F. App'x 241, 244 (3d Cir. 2010)(confinement in administrative segregation for 178 days did not amount to an atypical and significant hardship.)

Plaintiffs have not alleged sufficient facts to show their confinement in the SHU, as a result of the prison disciplinary violations, posed an atypical and significant hardship when compared to the ordinary incidents of prison life. They have not alleged how long they will be held in the SHU as a result of the disciplinary hearing or how long the water to their cell was turned off. Being served cold food for breakfast for four days is insufficient to impose an atypical and significant hardship. Therefore, Plaintiffs have not pled sufficient facts to show they

have a liberty interest entitling them to due process protections. This claim would not survive screening under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). If Plaintiffs seek to reopen this action by paying the filing fee or submitting properly completed IFP applications, they may wish to amend their complaint to avoid dismissal.

### 2.   Due Process Protection for Property Interest

Plaintiffs allege C.O. Wiget violated their rights to due process by destroying their property. "An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984); see Iqbal, 556 U.S. at 676-76 (Bivens is "the federal anolog to suits brought against state officials under . . . 42 U.S.C. § 1983")(quoting Hartman, 547 U.S. at 254, n.2.) Plaintiffs have not alleged there is no meaningful postdeprivation remedy for the property Wiget allegedly destroyed. Therefore, they have not stated a claim upon which relief may be granted.

### 3.   Supervisory Liability under Bivens

There is no respondeat superior liability of supervisors under Bivens. Iqbal, 556 U.S. at 676. To state a claim of

supervisory liability for a due process violation against a prison official, a plaintiff must allege:

> a specific supervisory practice or procedure that [the supervisor] failed to employ and . . . that (1) the existing custom and practice without that specific practice or procedure created an unreasonable risk of [harm], (2) [the supervisor] was aware that this unreasonable risk existed, (3) [the supervisor] was indifferent to that risk, and (4) [the plaintiff's injury] resulted from [the supervisor's] failure to employ that supervisory practice or procedure.

Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989).

Here, Plaintiffs have alleged only that Acting Warden Outlaw failed to address the misconduct of the Administration. Therefore, Plaintiffs have failed to state a Bivens claim of supervisory liability against Outlaw.

IT IS therefore on this **10th day of November, 2016,**

**ORDERED** that Plaintiff Rodriquez's application to proceed in forma pauperis (ECF No. 1-5) is denied without prejudice; and it is further

**ORDERED** that the Clerk shall administratively terminate, as premature, Plaintiff's motion to appoint counsel (ECF No. 3), motion to amend/correct the complaint (ECF No. 4), and motion to appoint a Marshal to serve the summons and complaint (ECF No. 5); and it is further

**ORDERED** that the Clerk shall administratively terminate this action by making a new and separate entry on the docket reading "Civil Case Terminated," without filing the complaint or assessing a filing fee; and it is further

**ORDERED** that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if this action is reopened pursuant to the terms of this Order, it is not thereby subject to the statute of limitations bar, provided the original complaint was timely. <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266 (1988); <u>Mala v. Crown Bay Marina, Inc.</u>, 704 F.3d 239, 245 (3d Cir. 2013); <u>McDowell v. Delaware State Police</u>, 88 F.3d 188, 191 (3d Cir. 1996); and it is further

**ORDERED** that Plaintiffs may have this matter reopened if, within thirty days of the date of this Order, they either each pay the $400 filing fee or each file with the Clerk an affidavit of poverty and certified prison trust account statement for the six-month period immediately preceding the filing of the complaint, as required by 28 U.S.C. § 1915(a); Plaintiffs may also submit an amended complaint to cure the deficiencies of the Complaint described above; and it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum and Order together with two blank forms "Affidavit of Poverty and

13

Account Certification (CIVIL RIGHTS)" on Plaintiff Rodriguez by regular U.S. mail.[6]

                                    s/RENÉE MARIE BUMB_____
                                    **RENÉE MARIE BUMB**
                                    **UNITED STATES DISTRICT JUDGE**

---

[6] Plaintiff Soto did not sign the complaint or provide his address, as required by Federal Rule of Civil Procedure 11(a). Thus, the Court is unable to send a copy of this Memorandum and Order to Plaintiff Soto.